OPINION
This appeal is taken from a final judgment of the Lake County Court of Common Pleas. Appellant, the State of Ohio, appeals from the trial court's dismissal of sexual predator proceedings pending against appellee, Mark A. King.
In 1993, appellee pled guilty to two counts of attempted rape in violation of R.C. 2923.02 and 2907.02 and two counts of gross sexual imposition in violation of R.C. 2907.05. Thereafter, the trial court sentenced appellee to serve an indefinite term of three to fifteen years in prison on each count of attempted rape and a definite term of one year in prison for each count of gross sexual imposition. The trial court ordered the sentences to be served concurrently.
In 1997, the Ohio Department of Rehabilitation and Correction recommended that the trial court schedule a hearing to determine whether appellee was a sexual predator pursuant to R.C. Chapter 2950. On July 1, 1997, the trial court dismissed the pending sexual predator proceeding against appellee without holding a hearing. The trial court did so based on its conclusion that the application of R.C. Chapter 2950 to sex offenders who were convicted and sentenced prior to January 1, 1997 violated the ExPost Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution. Ultimately, however, these same arguments were rejected by the Supreme Court of Ohio in State v. Cook (1998), 83 Ohio St.3d 404, paragraphs one and two of the syllabus.
The decision of the trial court to dismiss the sexual predator proceedings against appellee on the basis of the precedent established by this court in State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, is hereby affirmed on alternative grounds. __________________________ JUDGE ROBERT A. NADER
FORD, P.J.,
O'NEILL, J., concur.